FILED

2020 FEB 20 PM 3:21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NICHOLAS SHADLICH,

        Plaintiff,

vs.                                CASE NO. 8:2020 cv 389 T 60 CPT

MAKERS NUTRITION LLC,

        Defendant.
_____/

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. Defendant continued to place repeated and harassing telemarketing calls to Plaintiff's cellular telephone number without Plaintiff's prior express consent, despite Plaintiff's repeated requests to be added to Defendant's Do Not Call List, and despite Plaintiff's registration of his cellular telephone number on the national do-not-call registry. These telephone calls are an invasion of Plaintiff's privacy and in violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

2. "Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of privacy." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).



3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991)." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1337 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

5. Plaintiff, Nicholas Shadlich, is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

6. Defendant, Makers Nutrition LLC, is a foreign company organized and existing under the laws of the State of New York with its principal place of business and corporate offices in Hauppauge, New York 11788. Defendant regularly conducts business in the State of Florida including the Middle District of Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff's cellular telephone number is 352-817-6802. Hereinafter, "the Cell Number."

8. The Cell Number is part of a family cell phone plan.

9. Plaintiff is and has been the regular, customary user and carrier of the Cell Number since he was 15 years old.

10. Defendant has been calling the Cell Number at least once a week since 2015 in an attempt to sell Defendant's services to Plaintiff.

11. To no avail, Plaintiff has repeatedly told Defendant he is not interested in Defendant's services and asked Defendant to quit calling.

12. On May 9, 2018, Plaintiff sent Defendant the email attached hereto as **Exhibit A** demanding to be put on Defendant's Do Not Call List and threatening to sue Defendant if it did not stop calling.

13. Defendant ignored Plaintiff's request and continued to call the Cell Number.

14. To date, Defendant has called the Cell Number 98 times since Plaintiff asked to be put on the Do Not Call List on May 9, 2018.

15. On or about September 19, 2018, Plaintiff received a voicemail from Defendant. Plaintiff called Defendant back and was transferred to Defendant's representative "Corey Cairo." Plaintiff requested no further contact from Defendant.

16. On September 25, 2018, Plaintiff answered a call from Defendant and spoke to Defendant's Senior Sales Associate, Salvatore J. Ciaccio, and asked him to stop calling.

17. Defendant ignored Plaintiff's request and continues to call the Cell Number.

18. To date, Defendant has called the Cell Number 71 times since Plaintiff asked Defendant to stop calling on September 25, 2018.

19. On October 1, 2018, Plaintiff sent Defendant the email attached hereto as **Exhibit B** again instructing Defendant to put the Cell Number on its Do Not Call List.

20. Defendant ignored Plaintiff's request and continues to call the Cell Number.

21. To date, Defendant has called the Cell Number 71 times since Plaintiff instructed Defendant to add the Cell Number to its Do Not Call List on October 1, 2018.

22. On February 11, 2019, Plaintiff added the Cell Number to the National Do Not Call Registry. See **Exhibit C**.

23. To date, Defendant has called the Cell Number 40 times since Plaintiff added his number to the National Do Not Call Registry on February 11, 2019.

24. All of Defendant's calls were placed for telemarketing purposes.

25. Each of the telephone calls is a nuisance, an invasion of Plaintiff's privacy, and intrusion upon Plaintiff's seclusion.

26. Defendant's continued telephone calls to Plaintiff's Cell Number were inconvenient and intrusive causing Plaintiff to suffer and continue to suffer from anger and frustration.

27. As a result of Defendant's telephone calls, Defendant caused Plaintiff actual harm, not only because Plaintiff was subjected to the aggravation that

necessarily accompanied the calls, but also because such calls were an intrusion upon seclusion, depleted his cellular battery life requiring cost of electricity to recharge, wasted data storage capacity and his time, prevented him from using and enjoying his telephone for personal reasons, and caused risk of personal injury due to distraction.

28. Defendant's actions were willful.

## COUNT I
## FAILURE TO HONOR NATIONAL DO-NOT-CALL LIST IN VIOLATION OF THE TCPA, 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(c)(2)

29. Plaintiff incorporates Paragraphs 1 through 28 above as if fully set forth herein.

30. Section 47 U.S.C. § 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to prescribe regulations to implement methods and procedures for protecting privacy rights of telephone subscribers.

31. Section 47 C.F.R. § 64.1200(c)(2) prescribed by the FCC pursuant to Section 47 U.S.C. § 227(c) of the TCPA prohibits the initiation "of any telephone solicitation to . . . [a] residential telephone number subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

32. Pursuant to 47 C.F.R. § 64.1200(e), section 64.1200(c) applies to telemarketing calls to wireless telephone numbers.

33. Defendant continued to initiate the telemarketing calls to Plaintiff's Cell Number even though the Cell Number has been registered on the national do-not-call registry since February 11, 2019.

34. Plaintiff has received more than one telephone call from Defendant in violation of 47 C.F.R. § 64.1200(c)(2) within any 12-month period.

35. By violating 47 C.F.R. § 64.1200(c)(2), Defendant violated 47 U.S.C. § 227(c), entitling Plaintiff to bring a private right of action pursuant to 47 U.S.C. § 227(c)(5).

**WHEREFORE**, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages of $500 for each call placed in violation of 47 C.F.R. § 64.1200(c)(2) pursuant to 47 U.S.C. § 227(c)(5)(B);

    b. Damages of up to $1500 for each call placed willfully or knowingly in violation of 47 C.F.R. § 64.1200(c)(2) pursuant to 47 U.S.C. § 227(c)(5);

    c. A permanent injunction prohibiting Defendant from initiating telemarketing calls to residential numbers registered on the national do-not-call registry as prohibited by 47 C.F.R. § 64.1200(c)(2) pursuant to 47 U.S.C. § 227(c)(5)(A);

    d. Costs; and

    e. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAINTAIN COMPANY DO NOT CALL LIST IN VIOLATION OF THE TCPA, 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(d)

36. Plaintiff incorporates Paragraphs 1 through 28 above as if fully set forth herein.

37. Section 47 U.S.C. § 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to prescribe regulations to implement methods and procedures for protecting privacy rights of telephone subscribers.

38. Section 47 C.F.R. § 64.1200(d) prescribed by the FCC pursuant to Section 47 U.S.C. § 227(c) of the TCPA prohibits the initiation of any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf that person or entity."

39. Pursuant to 47 C.F.R. § 64.1200(e), section 64.1200(d) applies to telemarketing calls to wireless telephone numbers.

40. Defendant initiated the telemarketing calls to Plaintiff's Cell Number without instituting and maintaining an adequate Do Not Call List in violation of 47 C.F.R. §§ 64.1200(d), (d)(3), and (d)(6). *See e.g.*, *Nece v. Quicken Loans, Inc.*, 2017 U.S. Dist. LEXIS 106098 (M.D. Fla. Jan. 3, 2017) ("Quicken's alleged failure to honor within a reasonable time Nece's request that Quicken stop calling her supports the inference that Quicken's do-not-call policy fails to comply with Section 64.1200(d).").

41. After Defendant received Plaintiff's request to be put on the Do Not Call List, Defendant did not stop calling within 30 days and in fact has continued to call for more than one year at a rate of nearly two calls per week.

42. Plaintiff has received more than one telephone call from Defendant in violation of 47 C.F.R. § 64.1200(d) within any 12-month period.

43. By violating 47 C.F.R. § 64.1200(d), Defendant violated 47 U.S.C. § 227(c), entitling Plaintiff to bring a private right of action pursuant to 47 U.S.C. § 227(c)(5).

**WHEREFORE**, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages of $500 for each call placed in violation of 47 C.F.R. § 64.1200(d) pursuant to 47 U.S.C. § 227(c)(5)(B);

   b. Damages of up to $1500 for each call placed willfully or knowingly in violation of 47 C.F.R. § 64.1200(d) pursuant to 47 U.S.C. § 227(c)(5);

   c. A permanent injunction prohibiting Defendant from initiating telemarketing calls to wireless numbers without instituting and maintaining an adequate Do No Call List as required by 47 C.F.R. § 64.1200(d) pursuant to 47 U.S.C. § 227(c)(5)(A);

   d. Costs; and

   e. Such other or further relief as the Court deems proper.

## COUNT III
## INVASION OF PRIVACY

44. Plaintiff incorporates Paragraphs 1 through 28 above as if fully set forth herein.

45. Defendant and its representatives intentionally electronically intruded into Plaintiff's private quarters, solitude, and seclusion by calling him for over a year after he asked them to stop.

46. Specifically, Defendant repeatedly and unlawfully called Plaintiff's Cell Number no less than 98 times over the course of a year and continues to do so despite repeated requests from Plaintiff that it stop calling.

47. Defendant's behavior constitutes an invasion of Plaintiff's privacy as an intrusion upon his seclusion. Moreover, Plaintiff had a heightened expectation of privacy with respect to the telemarketing calls from Defendant as Defendant could not lawfully place these calls under the TCPA.

48. Such invasions were unlawful, intentional, systematic, continuous, willful and harassing, and were made with complete disregard of Plaintiff's right to privacy.

49. All calls after Defendant knew Plaintiff did not want to receive further calls were made knowingly and with the intent to invade Plaintiff's constitutional expectation of right to privacy and were made with the malicious intent to infringe upon Plaintiff's reasonable expectation of privacy in his solution and seclusion.

**WHEREFORE**, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Costs;

c. Attorney's Fees; and

d. Such other equitable relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ *James S. Giardina*
[ X ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[   ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*