UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS SHADLICH,

    Plaintiff,

v.                                                                   Case No.  8:20-cv-389-T-60CPT

MAKERS NUTRITION LLC,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**"DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant's Motion to Dismiss and Memorandum of Law," filed on May 28, 2020. (Doc. 16). On June 18, 2020, Plaintiff filed a response in opposition to the motion. (Doc. 22). On July 6, 2020, Defendant filed a reply. (Doc. 26). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

In 2015, Plaintiff Nicholas Shadlich began receiving "repeated and harassing telemarketing calls" to his personal cellular telephone number from Defendant Makers Nutrition, LLC, a supplier of custom manufactured nutraceutical supplements. According to Plaintiff, he made numerous oral and written requests

---

[1] The Court accepts the well-pleaded facts in Plaintiff's complaint as true for purposes of the pending motion to dismiss, but it does not accept as true any legal conclusions couched as factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

that Defendant quit calling, but Defendant continued to make phone calls for telemarketing purposes. On February 20, 2020, Plaintiff filed a three-count complaint alleging: failure to honor the national do-not-call list in violation of the Telephone Consumer Protection Act of 1991 ("TCPA") (Count I), failure to maintain a company do-not-call list in violation of the TCPA (Count II), and invasion of privacy (Count III).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions

or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss the complaint, arguing that (1) Counts I and II should be dismissed for failure to state a claim and lack of subject matter jurisdiction and (2) Count III should be dismissed for failure to state a claim.

### *Counts I and II*

Defendant contends that Counts I and II should be dismissed for failure to state a claim and lack of subject matter jurisdiction. Specifically, Defendant argues that because Plaintiff was using his cell phone for business purposes, his use places the phone number outside of the TCPA's "residential telephone" definition. Defendant asks this Court to take into consideration certain records and facts, including Plaintiff's LinkedIn, Facebook, and Twitter profiles, along with his profile with US Health Group.[2]

The determination of whether a telephone number is a business or residential number is a factual determination, and this determination is often more difficult when the number at issue is a wireless number. *See* 47 C.F.R. § 64.1200(e) (incorporating by reference analysis from FCC Report and Order pertaining to wireless residential subscribers); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02–

---

[2] The Court does not consider or rely on these records when ruling on this motion.

278, F.C.C. 03-153 (July 3, 2003) (FCC Report and Order), ¶¶ 34-36 ("As a practical matter, since determining whether any particular wireless subscriber is a 'residential subscriber' may be more fact-intensive than making the same determination for a wireline subscriber, we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'"); *see also* 68 Fed. Reg. at 44147. As such, it appears that this issue is more appropriately considered at a later stage of the proceedings. *See Bank v. Independence Energy Group LLC*, No. 12-cv-1369, 2014 WL 4954618, at *4 (E.D.N.Y. Oct. 2, 2014) (denying motion to dismiss after concluding that issue of whether phone number was used for residential or business purposes could not be resolved without some limited discovery and indicating that issue may be susceptible to resolution at the summary judgment stage). At this time, the Court will not resolve factual questions or address the merits of the case. The Court finds that Counts I and II are facially sufficient and that the Court has subject matter jurisdiction over this action as pled. Therefore, the motion to dismiss is denied as to these grounds.

*Count III*

Defendant argues that Plaintiff's invasion of privacy claim should be dismissed for failure to state a claim. Under Florida law, there are three categories of privacy torts: (1) appropriation, (2) intrusion, and (3) public disclosure of private facts. *See Oppenheim v. I.C. Sys. Inc.*, 695 F. Supp. 2d 1303, 1308 (M.D. Fla. 2010). In this case, Plaintiff appears to allege intrusion upon seclusion, which has been defined by the Florida Supreme Court as "physically or electronically intruding into

one's private quarters." *See Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003).

"One of the elements of intrusion is that the invasion of privacy must be highly offensive to a reasonable person." *Sprogis v. Suntrust Bank*, No. 6:13-cv-365-Orl-37, 2013 WL 2456090, at *2 (M.D. Fla. Jun. 6, 2013) (citing *Oppenheim*, 695 F. Supp. 2d at 1309). Further, the level of offensiveness must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* (internal quotation omitted).

Assuming, *arguendo*, that a telephone call constitutes a physical or electronic intrusion, a review of the case law reflects that allegations of consistent phone calls, without more, are not sufficiently outrageous to state an intrusion upon seclusion claim. *See id.* at *2 (granting motion to dismiss after concluding that "the Court cannot say that allegations of consistent phone calls, without more, are sufficiently outrageous to state an intrusion claim"); *Neeley v. Wells Fargo Fin., Inc.*, No. 8:12-cv-542-T-33AEP, 2012 WL 5949106 at *1; 4-5 (M.D. Fla. Nov. 28, 2012) (dismissing intrusion claim because allegations of continuous belligerent and belittling debt collection calls made to the plaintiff's cell phone and place of employment were not sufficient to satisfy Florida's outrageousness standard); *see also McGinity v. Tracfone Wireless, Inc.*, 5 Supp. 3d 1337, 1339, 1341-42 (M.D. Fla 2014) (dismissing claim after finding that an allegation of over 6,000 harassing and threatening phone calls did not satisfy the outrageousness standard for an intentional infliction of emotional distress claim); *Oppenheim*, 695 F. Supp. at 1309-10 (holding that a

collection agency's act of placing more than thirty-five phone calls during a three-month period, sometimes calling from four to six times a day, did not rise to the level of outrageousness necessary to sustain an intrusion claim); *Kent v. Harrison*, 467 So. 2d 1114, 1114-15 (Fla. 2d DCA 1985) (holding that an allegation of continuous phone calls for several months was not sufficient to establish a claim for intentional infliction of emotional distress because the court could not conclude that the behavior was so outrageous or extreme).

Although Plaintiff alleges that he received over 98 phone calls over the course of a year – which disrupted his privacy, depleted his cellular battery life, wasted data storage capacity, wasted his time, prevented him from using and enjoying his telephone for personal reasons, and caused the risk of personal injury due to distraction – the Court finds that allegations of consistent phone calls, without more, are insufficient in this case to state a claim for intrusion upon seclusion. Consequently, Count III must be dismissed without prejudice to any right Plaintiff may have to file an amended claim, if he may do so in good faith.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss and Memorandum of Law" (Doc. 16) is hereby **GRANTED IN PART** and **DENIED IN PART**.
2. The motion is **DENIED** as to Counts I and II.
3. The motion is **GRANTED** as to Count III.

4. Plaintiff is directed to file an amended complaint, if he may do so in good faith, on or before September 18, 2020.  Irrespective of whether Plaintiff files an amended complaint, Defendant must respond to the operative complaint on or before October 2, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**